UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-22757-WPD

CLYDE LONG,

    *Plaintiff*,

v.

MSC CRUISES, S.A.,

    *Defendant*.

_____/

## ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

THIS CAUSE is before the Court on Defendant MSC Cruises, S.A. ("Defendant" or "MSC")'s Motion to Dismiss Plaintiff's Complaint [DE 8], filed on August 25, 2025. The Court has reviewed the Motion, the Response, filed September 22, 2025, and the Reply, filed September 29, 2025, and is otherwise full advised.

**I.    BACKGROUND**

Plaintiff, Clyde Long, is a 72-year-old man. In the summer of 2024, he was on vacation with his wife aboard the "Seashore," a cruise ship owned and operated by Defendant. [DE 1] ¶ 7. While aboard, Plaintiff slipped and fell on a slippery substance and was injured, fracturing his right kneecap and a torn right rotator cuff (his shoulder). *Id.* ¶ 13. Both injuries required surgery. *Id.* The incident occurred as he was passing through the sliding glass doors to the exterior deck on the starboard side, near the Market Place Buffett. *Id.* ¶ 11. There were no warnings or caution signs to alert Plaintiff of the slippery condition. *Id.* ¶ 12. At the time of the incident, there were several crewmembers working in the area. *Id.* ¶ 16.

1

Plaintiff accordingly asserts the following counts: Count I – Negligent Failure to Warn; Count II – Negligent failure to Maintain; Count III – General Negligence.

## II.     STANDARD OF LAW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

Nevertheless, the Court need not take allegations as true if they are merely "threadbare recitals of a cause of *action's* elements, supported by mere conclusory statements . . ." *Iqbal*, 556 U.S. at 663. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984)).

### III.     DISCUSSION

As an initial matter, "the substantive law applicable to this action, which involves an alleged tort committed aboard a ship sailing in navigable waters, is the general maritime law, the rules of which are developed by the federal courts." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320–21 (11th Cir. 1989) (citation omitted)).

All Plaintiff's counts are based in negligence. To state a negligence claim based on a shipowner's direct liability for its own negligence "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (quotation omitted).

"This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a *risk-creating condition*, at least where. . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Keefe v. Bahama Cruise Line, Inc*., 867 F.2d 1318, 1322 (11th Cir. 1989). "Actual notice exists when the defendant knows about the dangerous condition." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022). A plaintiff establishes constructive notice either by alleging the "defective condition exist[ed] for a sufficient period of time to invite corrective measures" or by alleging "substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Guevara v. NCL (Bahamas) Ltd.,* 920 F.3d 710, 720 (11th Cir. 2019) (quotations omitted). "In some cases, the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard." *Aponte v. Royal Caribbean Cruise Lines, Ltd*., 739 F. App'x 531, 537 (11th Cir. 2018).

Defendant argues for dismissal of all counts, arguing Plaintiff fails to allege the threshold issue of notice. With respect to notice, Plaintiff alleges that "at the time of the Incident, there were several crewmembers working in the area that saw or should have seen the dangerous condition which was in their line of vision." *Id.* ¶ 16.

Where a plaintiff pleads a cruise ship operator was on notice because of nearby crewmembers, courts demand specifics regarding the proximity of the crewmember to the hazard and the ease with which the crewmember could have warned the plaintiff. For example, the Eleventh Circuit found the notice allegations deficient where plaintiff alleged there were "crewmembers in the surrounding shops." *Holland*, 50 F.4th at 1096. The Court required allegations "that there were [] crewmembers in the immediate area [of the hazard] that could have observed or warned him of the hazard." *Id.* Likewise, in *Solano*, that "there were crewmembers in the immediate area" was insufficient to plead notice: Plaintiff offered "no other factual details explaining where exactly the employees were, what their job responsibilities were, or how long the employees or the hazardous condition were present prior to Plaintiff suffering her injuries." *Solano v. Carnival Corp.,* No. 25-CV-20535, 2025 WL 1168904, at *3 (S.D. Fla. Apr. 22, 2025). The Eleventh Circuit has taken this position on more than one occasion. *See also Newbauer v. Carnival Corp.,* 26 F.4th 931, 936 (11th Cir. 2022) (finding plaintiff's constructive notice argument deficient where the "complaint did not allege any facts *supporting the conclusions* that . . . there may have been employees in the area who observed the hazard and failed to take corrective action.") (emphasis added).

By comparison, in those cases cited by Plaintiff, the complaints offered a clearer picture of a crewmember bystander who saw the hazard and did nothing. *See e.g.*, *Love v. Carnival Corporation*, 2025 WL 1295033 *6 (S.D. Fla. April 14, 2025 (notice alleged where cabin steward

4

was in the immediate area of the dangerously loose headboard prior to the incident and had even "mentioned to [Plaintiff] after the incident that cabin headboards had fallen on passengers in other cabins."); *Fisher v Carnival Corp.*, 2025 WL 1170643 (S.D. Fla. March 31, 2025) (notice of slip and fall alleged where Plaintiff alleged the crewmember had a "direct line of sight on the location [Plaintiff] slipped on, was within viewing distance thereof, was close enough to have seen that the subject surface was wet and did see the subject liquid prior to [Plaintiff's] incident.").

Plaintiff's allegation, that "at the time of the Incident, there were several crewmembers working in the area that saw or should have seen the dangerous condition which was in their line of vision," [DE 1] ¶ 16, fall in the *Solano, Holland*, and *Newbauer* camp. On its own, this allegation is insufficient to allege Defendant was on notice of the dangerous condition.

Plaintiff further argues he has pled seven prior cases where passengers, like Mr. Long, slipped and fell on wet, slippery flooring while aboard Defendant's cruise ships and suffered personal injury as a result. [DE 1] ¶ 20. Plaintiff concludes that because of these other instances, "Defendant is aware that wet, slippery floors can lead to passengers slipping and falling and incurring serious personal injuries." *Id.* Yet, these instances, and Defendant's general common-sense knowledge that slippery floors are dangerous, reveal nothing with respect to Defendant's notice of the hazard *here*.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion is **GRANTED**.
2. The Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff is afforded one further opportunity to cure the deficiencies identified herein by filing an amended complaint no later than **October 23, 2025**. Failure to address the

deficiencies will result in the Court granting any impending motion to dismiss and dismissing the action *with prejudice*.

4. A failure to file an amended complaint by October 23, 2025 will result in the immediate dismissal of the action without prejudice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 10th day of October, 2025.

*William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge